UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROMY D.,

      Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. C20-5570-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting a medical opinion, Plaintiff's testimony, and by failing to resolve inconsistencies in the vocational evidence. (Dkt. # 11.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1975, has a high school education, and has worked as a deckhand, arc welder, tow truck operator, and industrial maintenance repairer. AR at 27-28. Plaintiff was last gainfully employed in November 2017. *Id.* at 64.

ORDER - 1

Plaintiff applied for benefits in May 2018, alleging disability as of November 26, 2017. AR at 15. After conducting a hearing in August 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 55-114, 15-29. In pertinent part, the ALJ found Plaintiff's obesity, headaches, and wrist, neck, back, knee, elbow, and lower extremity impairments limited his residual functional capacity ("RFC") to performing light work, sitting one hour at a time for four hours total and standing or walking fifteen minutes at a time for four hours total. *Id.* at 18, 20. He could occasionally stoop, frequently handle or finger, and seldomly reach overhead. *Id.* at 20. With the assistance of a vocational expert, the ALJ determined that, although Plaintiff could not perform his past work, he could perform jobs available in significant numbers in the national economy. *Id.* at 28-29.

### III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     DISCUSSION

### A.     The ALJ Did Not Err by Discounting Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

Plaintiff contends the ALJ erred by discounting his testimony but fails to identify which testimony. The ALJ accepted Plaintiff's testimony he could stand for 15 minutes at a time, sit for up to an hour, lift 20 pounds, and never crawl, incorporating these limitations into the RFC. *See* AR at 20, 21, 25. And Plaintiff does not contend his testimony that he can write for 20 minutes at a time is inconsistent with the RFC limitation to frequent handling and fingering. *See id.* at 21. At issue appears to be Plaintiff's testimony he can never stoop, crouch, or reach overhead. *See id.* at 64, 66.

The ALJ stated Plaintiff's symptom testimony was "inconsistent with the objective medical evidence." AR at 21. The ALJ then summarized the medical evidence but failed to identify any inconsistency with Plaintiff's testimony. *Id.* at 21-25. This does not meet the requisite level of specificity for the Court to determine whether the ALJ's grounds were legally sufficient and supported by substantial evidence. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494

(9th Cir. 2015) ("[P]roviding a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible."). Inconsistency with the medical evidence was not a clear and convincing reason to discount Plaintiff's testimony. The error was harmless, however, because the ALJ also provided the valid reason of conflict with Plaintiff's activities. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (As long as remaining reasons are valid, providing improper reasons is harmless error).

The ALJ stated Plaintiff's "activities of daily living are consistent with his residual functional capacity," noting activities including "pulling hay bales from overhead storage" and "loading the dishwasher." AR at 26. An ALJ may discount a claimant's testimony based on daily activities that contradict her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ability to pull hay bales from overhead storage contradicted Plaintiff's testimony he could never reach overhead. And loading a dishwasher is inconsistent with an inability to stoop or crouch, especially for a person who is six feet five inches tall. *See* AR at 59. Plaintiff's activities were a clear and convincing reason to discount this testimony.

  **B.**  **The ALJ Erred by Discounting the Medical Opinions of W. Daniel Davenport, M.D.**

Because Plaintiff filed his claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. 20 C.F.R. § 404.1520c(a), (b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). At the least, this appears to necessitate that an ALJ specifically account

for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

Defendant contends the new standards eliminate any preference for treating or examining doctors' opinions, while Plaintiff contends they do not. The Court need not address this dispute because, under either standard, the ALJ's decision was not supported by substantial evidence.

Dr. Davenport examined Plaintiff in August 2018 and diagnosed morbid obesity, bilateral epicondylitis of the elbows, bilateral "carpal tunnel surgery with revisions," and decreased sensation in lower legs and feet. AR at 459, 463. Plaintiff contends the ALJ erred by rejecting some of Dr. Davenport's opined limitations, specifically "frequent need to sit and rest," "need to elevate his feet to reduce his symptoms periodically," no stooping, and occasional but ineffective handling and fingering. *Id.* at 463; Dkt. # 11 at 3. Regarding the first limitation, a frequent need to sit is not inconsistent with the RFC, which provides for sitting half of the day, nor does it show a need for additional work breaks. *See* AR at 110, 463. Plaintiff has thus failed to show the ALJ harmfully erred in addressing this portion of Dr. Davenport's opinion. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (the party challenging an administrative decision bears the burden of proving harmful error).

However, the ALJ erred by discounting the remaining limitations. The ALJ found Dr. Davenport's opinion "not very persuasive because it is not consistent with the evidence in the record." AR at 27; *see Thomas*, 278 F.3d at 957 (An ALJ need not accept a medical opinion that is "brief, conclusory, and inadequately supported by clinical findings."). To support this finding, the ALJ noted Dr. Davenport opined Plaintiff could not work around pulmonary irritants, despite

ORDER - 5

the lack of any diagnosis or clinical findings to support such a limitation. AR at 463, 27. Plaintiff does not, however, challenge rejection of the pulmonary limitation. The ALJ also stated "grossly normal strength" supported a greater ability to stoop than Dr. Davenport opined. *Id.* at 27. But Dr. Davenport limited stooping based on "morbid obesity and degenerative disc disease," not lack of muscular strength. *Id.* at 463. The ALJ's finding that Dr. Davenport's opinions were inconsistent with the record was not supported by substantial evidence. Inconsistency with the record was thus not a valid reason to discount the opinions.

The ALJ also noted "Dr. Davenport did not review the claimant's entire medical records and therefore was unable to support his opinion with the claimant's longitudinal functioning." AR at 27. If the ALJ intended this as a reason to discount Dr. Davenport's opinions, it was erroneous. An ALJ must consider every medical opinion, including those of examining doctors. *See* 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions . . . in your case record."). There is no requirement for a medical source to review the entire medical record, and the ALJ identified no information in the record that would likely have changed Dr. Davenport's opinions.

The Court concludes the ALJ erred by discounting Dr. Davenport's opinions.

### C. The ALJ Did Not Err in Relying on Vocational Expert Testimony

#### i. Reaching

The vocational expert testified a person limited to "seldom overhead reach" could perform the three jobs the ALJ relied on at step five: counter clerk, router, and information clerk. AR at 98-99, 28. Plaintiff argues the ALJ erred in failing to resolve an inconsistency between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"), which indicates these jobs require occasional or frequent reaching.

As the Commissioner points out, there is no conflict because overhead reaching is only one type, or subset, of reaching. A person can reach in many different directions—up, down, right, left, forward, or backward. The DOT only addresses reaching as a whole and does not address any subcategories such as overhead reaching. The vocational expert relied on her professional experience and training regarding matters not addressed by the DOT. AR at 29. Plaintiff argues this "was not, however, a rationale the ALJ presented in her written decision." (Dkt. # 17 at 8.) The ALJ was not required to expressly state that overhead reaching is a distinct subcategory of reaching. The Court is capable of seeing the distinction. An employee could, for example, frequently need to reach forward and to the left and right, without ever reaching overhead. The Court concludes the ALJ did not err by relying on vocational expert testimony regarding overhead reaching.

    *ii.*  *Sit/Stand Option*

The vocational expert testified a person with Plaintiff's RFC could perform the three jobs the ALJ relied on at step five. AR at 98-103. About two-thirds of employers would offer a sit/stand option, *i.e.*, a stool. *Id.* at 109, 100. Even with this reduction, there would be well over 200,000 jobs available in the national economy. *See id.* at 28.

Relying on a Social Security Ruling ("SSR") from 1983, Plaintiff argues "most jobs" are incompatible with his RFC, which would require him to alternate sitting and standing every 15 minutes throughout the day in order to accommodate four hours of standing, no more than 15 minutes at a time, and four hours of sitting. (Dkt. # 11 at 11 (citing SSR 83-12).) Regardless of what most jobs require, here the ALJ identified jobs compatible with Plaintiff's RFC. As Plaintiff notes, SSR 83-12 states "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." However, the very next sentence provides, "[i]n

cases of unusual limitation of ability to sit or stand, a V[ocational] S[pecialist] should be consulted to clarify the implications for the occupational base." SSR 83-12. The ALJ consulted a vocational specialist, as directed. The vocational expert testified to three jobs compatible with Plaintiff's RFC, including the sitting and standing limitations. Plaintiff contends the expert's testimony "required" sitting for an hour at a time. (Dkt. # 17 at 8.) On the contrary, the expert testified a person who "can sit for 4 hours and stand for 4 hours and do it kind of – you know, for 15 minutes, as you need to or however" could perform the jobs. AR at 102. She did not testify that sitting for a full hour at a time was required. Plaintiff has shown no error in the ALJ's reliance on the vocational expert's testimony.

Plaintiff argues the sit/stand option is an "accommodation" not provided by all employers, and needing an accommodation is evidence of disability. (Dkt. # 17 at 9 (citing 20 C.F.R. § 404.1573(c)(3)).) The regulation Plaintiff cites states only that an ALJ "may" find work a claimant performed does not show the ability to perform substantial gainful activity if the claimant was "provided with special equipment . . . suited to [her] impairment. . . ." 20 C.F.R. § 404.1573(c)(3). Even if a stool could be considered special equipment, the ALJ was permitted—but not required—to consider the need for a stool rendered Plaintiff disabled. The ALJ did not, and substantial evidence supports the ALJ's reasoning. Plaintiff has shown no error in the ALJ's analysis of the sit/stand option.

The Court concludes in the ALJ did not err in relying on vocational expert testimony.

**D.   Scope of Remand**

Plaintiff requests remand for an award of benefits based on Dr. Davenport's opinions. (Dkt. # 11 at 12-15.) The Commissioner contends "further proceedings would prove useful, and

ORDER - 8

conflicts preclude simply crediting the opinion as true." (Dkt. # 16 at 9.) The Court agrees with the Commissioner.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps were satisfied would the Court consider whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly discredited evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Here, the second step has not been satisfied. Outstanding issues remain that the ALJ must resolve. Dr. Davenport's opinions conflict with the opinions of State agency doctors, which the ALJ found persuasive, that Plaintiff could stoop occasionally, reach overhead, and handle and finger frequently. AR at 26, 122-24, 134-36. The Court concludes enhancement of the record would be useful and, accordingly, remand for further proceedings is appropriate.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Davenport's opinions, reassess the RFC as appropriate, and proceed to step five as necessary.

Dated this 12th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge